## BERRY v. LOWREY ET AL

[81 South. 273, Division B. No. 20574.]

1. WILLS. *Establishment. Lost will. Right of action to establish. Estoppel.*

Where an uncle died and by his will left all of his property to his niece but her father destroyed the will and took possession of the property as the heir of his brother and afterwards the niece took under her father's will certain property but not any part of the property left her by her uncle. In such case the niece was not estopped from subsequently bringing an action to probate her uncle's will, which, without her knowledge, had been destroyed by her father and where, prior to taking under her father's will, she had no knowledge of the execution and destruction of her uncle's will.

2. WILLS. *Probate. Right to probate. Lost will. Defense.*

In such case where a daughter brought an action to establish a lost will by her uncle devising her all of his property, and to have trustees to whom such property had been conveyed by her father as heir at law of her uncle, made parties defendant, it was no defense to such suit that the daughter had made no objection to her father's conveyance of the property to the trustee and had taken a life tenancy in other property under her father's will, since the only issue in such case was the right to have her uncle's will probated.

APPEAL from the chancery court of Tallahatchie county.

HON. JOE MAY, Chancellor.

Bill by Mrs. C. Berry against P. H. Lowrey and others, trustees in which the defendants filed a cross-bill. From a decree overruling complainant's demurrer to cross-bill, she appeals.

The facts are fully stated in the opinion of the court.

*Hays, Stingily & Whitten, A. H. Stephens,* and *Woods & Kuykendall,* for appellant.

*Jas. Stone & Son* and *C. L. Bates,* for appellees. ·

ETHRIDGE, J., delivered the opinion of the court.

Appellant, Mrs. Mary Chrestman Berry, filed her bill in the chancery court of the Second district of Tallahatchie county against P. H. Lowrey, R. L. Ward, A. H. Longino, and A. E. Jennings, trustees, and the Mississippi College, a corporation, and the Baptist Orphanage, a corporation, and alleged that R. F. Chrestman, a citizen of Tallahatchie county, and an uncle of the complainant, made a will disposing of his property in which the complainant, Mrs. Mary Chrestman Berry, was the sole beneficiary of the said will of her uncle, and that J. M. Chrestman, a brother of said R. F. Chrestman, and the father of the complainant, would, but for said will, have inherited as sole heir of said R. F. Chrestman; that said brothers had become somewhat estranged in their latter years, but upon the death of R. F. Chrestman the said J. M. Chrestman took possession of the personal effects of the said R. F. Chrestman and destroyed the said will and caused letters of administration to be issued upon the estate, and under claim of heirship of his said brother took possession of the property described in the bill and alleged to be now in the possession of the said trustees, and about the 1st of January, 1914, made a deed of conveyance in trust to the said Lowrey, Ward, Longino, and Jennings for the benefit of said Mississippi College and of said Baptist Orphanage. It further alleged that the said J. M. Chrestman had no title to said land so conveyed, but that the complainant, by virtue of said will, became the owner thereof at the death of her said uncle; that she had no knowledge of said facts during the lifetime of her said father, and could not have discovered said facts

by the exercise of reasonable diligence; and that she is now able for the first time to produce a memorandum of said destroyed last will, which memorandum is attached to the bill of complaint. The prayer of the bill was to make said trustees and the Mississippi College and the Baptist Orphanage defendants, and to establish the last will and testament of said R. F. Chrestman, and for the probate of said will when so established.

The defendants filed an answer denying the execution of the said will by the said R. F. Chrestman, and denying that the said J. M. Chrestman did not have title to said lands, but admitted that R. F. Chrestman in his lifetime was seized and possessed of lands described in the trust deed to said trustees executed by J. M. Chrestman, and alleged that J. M. Chrestman inherited said lands from his said brother; denied all facts bearing on the execution of the said last will and testament as alleged in the bill, denying that said R. F. Chrestman ever made and published any will; admitted that J. M. Chrestman entered the home of the deceased brother and took possession of the premises and effects of said decedent's estate and that he took possession of all papers which he found; but denied that he found any will in the said papers.

Defendants filed a cross-bill with their answer, and in the cross-bill averred that on or about the 20th day of January, 1904, R. F. Chrestman departed this life seized and possessed in fee simple of all the lands described in Exhibit A to complainant's bill, leaving as his only heir J. M. Chrestman, who departed this life at his residence in said county on or about November 16, 1914; that said J. M. Chrestman was for many years prior to his death a widower and the owner of a large estate, real and personal, and at the time of his death had two daughters, both living, to wit, Mrs. Mary Chrestman Berry and Mrs. Keturiah Chrestman Butler, both citizens and residents of Coahoma county, both of whom married prior to June 22, 1914; that said J. M.

Chrestman had another child, a son, whom he had educated at Mississippi College, and the said son was living at the time of the death of his uncle, R. F. Chrestman, but died some time thereafter and prior to June 30, 1912; that said J. M. Chrestman, after the death of his brother, R. F. Chrestman, and after he had inherited the real estate described in Exhibit A to the original bill of complaint, designed, contemplated, and intended that the son should become the owner of said land at his death, but after the death of said son it was the desire and purpose of said J. M. Chrestman to donate said property, as was done in Exhibit A to the original bill, as a memorial to his son; said J. M. Chrestman, being at the time of the execution of said trust deed of advanced years, and intending to make disposition of his entire estate during his lifetime, sought the advice of counsel, and was advised that he could not dispose of his said plantation to the said Mississippi College and the said Baptist Orphanage by will; that thereupon J. M. Chrestman determined to execute, and did execute, the said trust deed to the said trustees, which was delivered July 30, 1912, and filed for record August 1, 1912, in the said county, and duly recorded; that prior to July 30, 1912, said J. M. Chrestman sent for his attorney for the purpose of preparing his last will and testament, in and by which he expected to dispose of his entire estate, but on being advised that he could not devise to the Mississippi College and the Baptist Orphanage by will any portion of his property, he thereupon executed a will in which he devised all of his property, real, personal, and mixed, except said lands deeded to said trustees, and that he intended at said time to execute the trust deed to the trustees on the same day that he had made the will and as a part of his disposition of his said property, but that he did not have the description of the lands and deferred the execution of the trust deed until he could obtain the proper description; that the will devised to

the two daughters the other property owned by said
J. M. Chrestman; after making that will and prior to
June 22, 1914, the complainant, Mary Chrestman Berry,
married her present husband, and J. M. Chrestman
thereupon changed his will and made a new will in
which he devised to Mary Chrestman Berry a life estate
in said lands devised in his first will; that said will of
J. M. Chrestman was duly probated after his death.
They further allege that the said will and said trust
deed would both have been executed at the same time
that he executed the first will but for the fact that he
did not have the description of the lands conveyed to
said trustees. It further alleged that the said will of
June 22, 1914, devised a large and valuable estate to
the cross-defendant, and that by the provisions of the
said will and the said trust deed, which were in truth
and in fact parts and parcel of one general scheme of
the testator, said cross-defendant was then and there
required to elect whether she would accept the provi-
sions made for her under her father's will, or whether
she would assert any claim that she might have to the
property described in said trust deed; that thereupon
Mary Chrestman Berry complainant and cross-defend-
ant, having full knowledge of the terms and provisions
of her father's will, and knowing of the conveyance by
him of the trust deed to said trustees, and having full
knowledge and information of all matters and things
in connection with her uncle's estate which she now
has, accepted his provisions made for her by her
father's will, and entered into possession under said
will, and has since continuously enjoyed, used, and oc-
cupied said property; that said property so devised
was equal in value to the property conveyed in trust to
these trustees, and that she is estopped from setting up
or enforcing any claim to said property conveyed to
the defendants in trust for said college and said or-
phanage, and that she has made no offer of restitution
of said property so received under said will, and that

she is estopped and precluded from now claiming the lands conveyed by J. M. Chrestman to said trustees; that her want of interest in the subject-matter, are preliminary issues which the court must hear and determine before any issue *devisavit vel non* can be submitted to a jury, and if said preliminary issues are found in favor of cross-complainants, the original bill should be dismissed without the submission and trial of the issue *devisavit vel non,* and prayed for the following relief under the cross-bill: That the court would decree Exhibit A to the original bill of complaint and the last will and testament of J. M. Chrestman are parts and parcels of a general scheme to dispose of all property which he was then in possession and control of, either as owner or claimant; second, that if the court should find that cross-defendant is not estopped from asserting her claim to the property conveyed in trust to the defendants, and is entitled to maintain a suit, that she be then required to deliver to the cross-complainants that which she took under her father's will, or pay them a sum of money equal to the value thereof; third, if mistaken, then that the court will decree that R. F. Chrestman died intestate, and that the bill be demissed.

The cross-bill was demurred to by the complainant and cross-defendant, and demurrer overruled, and an appeal granted to settle the principles of the case.

It will be noted from the statements of the allegations of the cross-bill that the execution of the will by R. F. Chrestman is not admitted, but is denied in both the answer and cross-bill. It is difficult to see how any estoppel could arise in the absence of knowledge on the part of complainant of the execution of said will by said R. F. Chrestman. It will be noted further from the allegation of the original bill that the only relief now sought is to establish and probate the alleged will of R. F. Chrestman. We do not think the cross-bill presents any defense to the establishment and

probate of said will. If the complainant fails to establish said will, there would be nothing for the cross-bill to operate upon, and no relief could be granted under it. The issue to be admitted should be whether there was a will executed or not, and this issue should not be confused with any question as to what rights would arise between the complainant and the defendants after the said will ·was established, if it should be established and probated. It does not appear that this issue would arise as a preliminary question, but should be presented only when the will is established and. some right asserted or undertaken to be asserted after the will is established.

We do not think the cross-bill presents any defense to the relief sought in the original bill, and that the demurrer to the cross-bill should have been sustained, and the cross-bill dismissed without prejudice to the rights of the defendants to file proper bill or suit after the will is established, if it should be established.

The judgment is accordingly reversed, the cross-bill dismissed without prejudice, and the cause remanded, with directions to the court below to make up an issue *devisavit vel non* to determine whether said will was executed as alleged in the bill.

*Reversed and remanded.*

Stevens, J. (specially concurring).

I concur in the conclusion reached, and also in the opinion of the court. I desire to state further my views on certain points argued at the bar and certain considerations pressed upon us by learned counsel for the appellees.

It is earnestly insisted that under section 1996, Code of 1906 (section 1661, Hemingway's Code), only a party "interested in a will" may propound it for probate and initiate the proceeding outlined in this section of our Code; that under the allegations of the cross-bill Mrs. Berry, the appellant, is completely estopped and bound

by her alleged election, and consequently is not now "interested" in establishing the lost will in question.

It is contended further that this proceeding is not one under the probate jurisdiction of equity, but under equity jurisdiction as administered in England, and under equity jurisdiction as adopted, understood, and administered in our commonwealth; that this is essentially a proceeding to establish an interest in real estate, and to this ultimate end the establishment and probate of a lost will is a necessary incident, and, being a proceeding in equity, the cross-bill under attack presents a complete, equitable defense to this suit. Whether or not this argument of counsel is good depends, in my judgment, upon the pleadings. It necessarily requires an interpretation of the original bill and the prayer for relief thereunder.

I recognize the force of the argument that a suit to establish a will and the consequent interest or title of a devisee to real estate expressly devised in such will is ordinarily an equity suit. I think, however, little is to be accomplished by an attempt to discriminate between probate and equity jurisdiction as now administered in our chancery courts. It is practically conceded that the present proceeding comes squarely within section 1996 of our Code, giving any proponent of a will the right in the first instance to make all persons interested parties defendant and conclude them by the verdict of the jury and decree of the court based thereon. This section appeared in the Code of 1880 as section 1967, and in the Code of 1892 as section 1821. No case has been brought to our attention and we have found no adjudication of our court expressly construing this statute. It may be conceded that this statute merely enacted into law a well-known proceeding in the equity courts of England. The statute is plain and unambiguous, and eliminates any statute of limitation for the contest of a will probated in common form.

It makes the initial proceeding final and conclusive on the parties.

I think counsel are wrong in their contention that Mrs. Berry under the pleadings is not an interested party. Her position and claim is that she is the sole devisee. She offers for probate a lost will in which she claims to be the sole devisee, and which, if established makes her the sole devisee. Certainly devisees and heirs are interested parties.

If this were primarily a suit to quiet title or remove cloud from title, and the establishment of a lost will became necessary in proving title, the cross-bill in this case would be more germane to the issue. But, as I understand the pleadings, the original bill filed under the statute mentioned tenders but one issue, and that the propriety of admitting to probate an alleged lost will and testament. The prayer of the bill is not for title or possession of realty, but is limited to the establishment and recordation of the will tendered. The issue then is confined to the one issue, will or no will, and any establishment of the will would not necessarily establish title or award possession of any real estate. Under this view the cross-bill should be dismissed without prejudice to the rights of cross-complainants to plead estoppel or equitable election at the proper time.